FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

AUG 0 4 2006

JAMES N. HATTEN, Clerk
By: *[signature]* Deputy Clerk

IN THE UNTIED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES L. BROOKS, JR., et al.,        CIVIL ACTION

v.                                    1:06-CV-1547-JEC

SHERIFF THOMAS E. BROWN, et al.,

## O R D E R

This case, which will be referred to as the *Brooks* litigation, was originally assigned to this Court. The undersigned initially transferred the case to its colleague, the Honorable Clarence Cooper, who has now transferred the case back to this Court. The case was transferred to Judge Cooper, because the latter has before him litigation concerning Georgia's new sex offender residency law, Act No. 571, Ga. Laws (HB 1059), codified at Ga. Code Ann. § 42-1-15. Judge Cooper has conducted, and continues to conduct, extensive proceedings concerning the challenges in that case.[1] *See generally Whitaker v. Perdue*, 4:06-CV-141-CC [hereinafter "*Whitaker* litigation"]. The legislation challenged by the *Whitaker* plaintiffs was the same legislation challenged by the plaintiffs in the

---

[1] The *Whitaker* action was filed on June 20, 2006 and has already been the subject of several hearings, as well as having had 76 different pleadings or documents filed.

AO 72A
(Rev.8/82)

Complaint filed before this Court.

Plaintiffs in the action before this Court are proceeding *pro se*. Given the continuing confusion as to what parts of their present litigation overlap with Judge Cooper's litigation and what parts perhaps do not, the Court sets out the following background.

**Procedural Background in Brooks' Case**

Plaintiff James L. Brooks, Jr.[2] filed this Complaint on June 28, 2006, and named as defendants Sheriff Thomas Brown, Dekalb County, and Sheriff Victor Hill, Clayton County. *Brooks v. Brown*, 1:06-CV-1547-CC[1]. Plaintiff challenged the constitutionality of newly-enacted legislation, referred to by plaintiff as House Bill 1059, that restricted registered sex offenders from living within 1,000 feet of various places named in the Act. Plaintiff contends that this new statute violates various provisions of the United States Constitution, including the Ex Post Facto Clause, the 14th Amendment, and the Takings Clause.

Plaintiff asks that the Court declare this statute, codified at Ga. Code Ann. § 42-1-15, to be unconstitutional. Specifically,

---

[2] Plaintiff Brooks, Jr. also names "Save America's Children" and "15 Minors, SAC Cadets Against Loss of Family Association" as plaintiffs. The latter two "entities" appear to be composed of relatives of the plaintiff. For the purposes of this Order, the Court deems there to have been only one plaintiff formally named in the Complaint that was originally filed: James L. Brooks, Jr. The Complaint does not name, but does mention the claim of a James L. Brooks, IV. *See* discussion *infra*.

plaintiff alleges that the Dekalb County's Sheriff's Office has served upon plaintiff a letter directing the plaintiff to move because the plaintiff lives within 1,000 feet of "a child care facility, school, school bus stop, church, park or areas where minors congregate," in violation of O.C.G.A. § 42-1-12, as effective July 1, 2006. The letter indicates that "<u>Your residence is most likely within 1,000 feet of a public school bus stop</u>." *Id.* [1] at Exh. 3. (emphasis added). Hence, in this original Complaint, plaintiff challenges the restriction against residency by a registered sex offender near a school bus stop.

Although James L. Brooks, Jr. is the only person formally listed as a plaintiff in the section of the Complaint that purports to name the plaintiffs in the action, the Complaint contains a "Division Two" section which concerns the claim of a James L. Brooks, IV. The latter is identified as plaintiff James L. Brooks, Jr.'s son; like his father, he is a convicted sex offender. Brooks, IV adopts the claims and allegations of Brooks, Jr. found in Division One of the Complaint. Like his father, Brooks, IV challenges the constitutionality of the recently-enacted legislation. Although not formally named as a plaintiff, the Court will assume that Brooks, IV intends to be a plaintiff and the Court will treat him as such.

According to Brooks, IV, he moved to Clayton County on November 1, 2005 and he has also received a letter from the Sheriff of that

3

county indicating that he would need to move from his current address because he is not in compliance with a "new law" that restricts him from living "within 1,000 feet of a school bus stop, church, park, etc." *Id.* at 10. Brooks, IV indicates that he has nowhere to go and challenges the new statute on the same grounds as his father.

At the same time he filed his Complaint, plaintiff Brooks, Jr. filed a Response to Mandatory Disclosures indicating that he seeks to challenge the constitutionality of House Bill 1059, which goes into effect on July 1, 2006. [2, ¶ 1 (a)]. Among other things, this Response indicates that House Bill 1059 is vague as to "What or Where a School Bus Stop is or is not." *Id.* at ¶ 2(c).

Within the Complaint, the plaintiffs, Brooks, Jr. and Brooks, IV also sought a temporary restraining Order to block enforcement of those portions of the statute that restricted them from living in their present residences. On June 30, 2006, this Court issued an Order [4] indicating that its colleague, the Honorable Clarence Cooper, had temporarily enjoined enforcement of the new legislation as to the restriction in that Act against a registered sex offender living within 1,000 feet of a bus stop. Further, the Court noted that Judge Cooper had provisionally certified a class consisting of all registered sex offenders who reside within 1,000 feet of a currently designated school bus stop or stop designated in the future. The Order indicated that the plaintiffs appeared to be

4

members of Judge Cooper's class and covered by his temporary restraining Order. Hence, the Court denied, as moot, the *Brooks* plaintiffs' request for a temporary restraining order.

On July 10, 2006, plaintiff Brooks, Jr. filed an Amendment to his complaint [7]. This Amendment adds averments by Brooks' grandchildren, indicating that they wish to have contact with their grandfather, but have been precluded from same as a result of his molestation and incest conviction. Further, the Amendment adds an Amended Claim Four, indicating that on July 10, 2006, plaintiff Brooks, Jr. had received a telephone call from his parole officer indicating that he lived too close to a "swing (sic) pool" in his neighborhood and that he would have to move.[3] Plaintiff further avers that the "swing" pool did not exist when he was given permission to move into the community in January 2005, but that it had been erected since that time. *Id.* at 15. Among other things, plaintiff contends that this subsequent erection of a facility that he cannot live near, and the requirement that he therefore move, constitutes a violation of the Taking Clause. In Amended Claim Five, plaintiff Brooks, Jr. reiterates his "school bus stop" claim and "accepts the inclusion in the Class Action by the Court in Whitaker v. Perdue, 4:06-CV-0140-CC."

---

[3] The plaintiff has not paginated this pleading, but the CM/ECF copy shows this to be page 14.

Although the plaintiff notes that he has never received a letter from Dekalb County formally indicating that his proximity to a community pool would require him to move--the only specific reference in the letters provided by the Court was a reference to plaintiff's proximity to a school bus stop--he has expressed concern that the telephone call from his Parole Officer indicates that he may be in violation of the new "community swimming pool" restriction, contained in the new legislation. *Id.* at 14. The plaintiff has again requested that a TRO be issued to prevent the Sheriff of Dekalb County from requiring him to move.

**Overlap of Claims in This Action With Claims in *Whitaker* Action**

As noted, this action was transferred to Judge Cooper on July 26, 2006. On August 2, 2006, Judge Cooper issued the Order transferring this case back to the undersigned because the challenges raised in the *Brooks* action are broader than those raised in *Whitaker*. *Brooks, id.* at 13. Specifically, in addition to challenging the "bus stop restriction," plaintiff James L. Brooks, Jr. challenges the restriction against living near a community swimming pool and both plaintiffs challenge the requirement that they have to register as sex offenders. *Id.* As a result of these two additional claims, Judge Cooper determined that the cases were not related and transferred them back to this Court.

It is true that plaintiffs' claim that they should not have to

register as sex offenders is a different claim than appears to have been made by the plaintiffs in the *Whitaker* case; those plaintiffs appear to accept the registration requirement, but challenge certain residency restrictions. Accordingly, this Court can preside over this particular claim by the plaintiffs. This claim, however, is not time-sensitive, as the plaintiffs have already been registered as sex offenders for many years. Accordingly, there is no need to issue a temporary restraining order allowing the plaintiffs to "unregister" as sex offenders. Moreover, plaintiffs' claim that it is unconstitutional to require a convicted child molester to register as a sex offender would appear to have little chance of success and, indeed, appears to be frivolous.

As to the other two claims presented in the case--the challenge by both plaintiffs of the restriction in the statute forbidding sex offenders from living within 1,000 feet of a school bus stop and plaintiff James L. Brooks, Jr.'s challenge of Dekalb's County's potential enforcement of a restriction against him living within 1,000 feet of a community swimming pool that has been erected since he began his residency--the Court cannot entertain those claims without running squarely into the litigation over which Judge Cooper is now presiding. Specifically, on July 28, 2006, Judge Cooper issued an Order certifying a class "consisting of all persons who are registered, are required to register, or in the future will be

7

required to register as sex offenders pursuant to § 42-1-12." The Order does not limit the class to persons who are registered as sex offenders <u>and</u> who live within 1,000 feet of a school bus stop. Instead, it encompasses all persons who are required to register as sex offenders, which criterion clearly fits the *Brooks* plaintiffs.

Moreover, the Order's failure to restrict the class to only those sex offenders who live near a school bus stop does not appear to be an inadvertent omission. In the Order of June 29, 2006, provisionally certifying a class, the class had been defined as consisting of all persons who had registered as sex offenders, pursuant to Ga. Code § 42-1-12 <u>and</u> who resided within 1,000 feet of a currently designated school bus stop or a school bus stop designated in the future. *Id.,* [21] at 2. The Order of July 28, 2006, certifying a class, however, removes any mention of the fact that the class consists only of persons who reside near a school bus stop. Instead, the Order states: "The Court finds that this matter may properly proceed as a class action and hereby **CERTIFIES** a class consisting of all persons who are registered, are required to register, or in the future will be required to register as sex offenders pursuant to § 42-1-12." *Id.* at 1. (Emphasis in original) A footnote has been added to this last sentence, which footnote provides: "The Court notes that Defendants may have misunderstood the relief sought by Plaintiffs in the class certification motions.

8

However, Plaintiffs' motion plainly requested this Court to certify a class consisting of 'all persons who have registered as sex offenders pursuant Ga. Code Ann. § 42-1-12(2006)....'" *Id.* at 1.n.1.

Thus, plaintiffs are squarely within the *Whitaker* class, as to both their claims concerning the bus stop restriction and as to plaintiff Brooks, Jr.'s claim concerning the community swimming pool restriction. Moreover, while most of the litigation in the *Whitaker* case has focused on the school bus stop issue, the Second Amended Complaint, filed by the *Whitaker* plaintiffs, on August 3, 2006, after Judge Cooper had transferred this case to the undersigned, is not restricted to a challenge of just the school bus stop restriction in the statute. Instead, the Complaint seeks, as relief, "an injunction enjoining the portions of the Act that violate the rights of Plaintiffs and the class they represent." (Complaint, at 40) Also, the Complaint alleges a violation of the Ex Post Facto Clause and the Takings Clause, among other things (*id.*) and notes that "HB 1059 does not contain an exception to protect the rights of those who already own or rent homes in restricted locations." (¶ 62 at 26). This is precisely the claim that plaintiff Brooks, Jr. is now making in his amended complaint: that § 42-1-15 violates the Takings Clause and Ex Post Facto where a person, such as himself, has established his residency before his local community decided to build a community pool near that residency, thereby rendering plaintiff in violation of

9

the statute.

Moreover, both the phrase "public and community swimming pools" and the phrase "school bus stops" represent new language supplied by HB 1059 as a specific designation of particular places subject to the residency restriction.[4] Thus, both types of facilities would presumably be subject to the broad challenges against the statute that have been filed by the *Whitaker* plaintiffs.

As a practical matter, the *Whitaker* plaintiffs may be interested primarily in the school bus stop restriction, at least insofar as interim injunctive relief is concerned, notwithstanding the breadth of their Complaint. Indeed, thus far, the "bus stop" matter seems to have been the focus of the *Whitaker* litigation. Yet, given the broadly defined class set out in Judge Cooper's Order certifying a class and given the breadth of the claims and relief sought in the *Whitaker* Second Amended Complaint, any adjudication of plaintiff Brooks, Jr.'s claim concerning the retroactive enforcement of the community pool restriction found in the newly-enacted statute places the undersigned in the middle of the *Whitaker* litigation as

---

[4] O.C.G.A. § 42-1-12 defines terms in the Act. Section 42-1-12(a)(3) defines the phrase "area where minors congregate," which area a sexual offender must live more than 1,000 feet beyond. This sub-section provides: "Area where minors congregate shall include all public and private parks and recreation facilities, playgrounds, skating rinks, neighborhood centers, gymnasiums, **school bus stops**, and **public and community swimming pools**." (emphasis added)

10

plaintiffs are members of the *Whitaker* class and as Judge Cooper will be presumably rendering a decision in that case that would be dispositive of this claim.

### Interim Adjudication of Claims Before This Court

Accordingly, as to any claims made by the plaintiffs concerning the school bus stop restriction, the Court **DISMISSES** these claims **WITHOUT PREJUDICE**. The plaintiffs are now a member of the class certified in *Whitaker* and clearly a resolution of the bus stop contention will occur on at least one of the grounds alleged by the plaintiffs.

As to the claim made by the plaintiffs challenging the requirement that they be required to register as sex offenders, this Court will continue to preside over that claim, but **STAYS** the claim until the conclusion of the *Whitaker* litigation in order to conserve the resources of the Court and the parties.[5] As noted, the plaintiffs have already registered as sex offenders.

As to the challenge by plaintiff James L. Brooks, Jr. of Dekalb County's telephonically-communicated intention to require him to move

---

[5] Further, to the extent that the SAC plaintiffs (who are minor relatives of plaintiff Brooks, Jr.) have standing to pursue their claim, this Court will continue to preside over their claim that a restriction which prohibits a person convicted of child molestation and incest from contact with minors is a restriction that violates a Constitutional right of the minor children who are relatives of the convicted molester.

11

because he now lives within 1,000 feet of a community pool that was allegedly built after he was cleared to live in his particular residence, the Court again notes that plaintiff is within the *Whitaker* class and the relief sought by plaintiff is encompassed within the broad relief requested by the *Whitaker* class. At this juncture, it appears that Judge Cooper's resolution of the claims in that case could well determine this particular claim. Indeed, a claim that one should not have to move because a community swimming pool has been erected near one's home since one established residency is virtually identical, in terms of its analysis, to a claim that one should not have to move because a bus stop has been established near one's home. The only difference is that one hypothetical concerns a swimming pool and the other hypothetical concerns a bus stop.[6] As noted, both types of facilities represent newly-added language in the legislation that the *Whitaker* class has challenged on broad Constitutional grounds. While one could conceivably carve up the litigation, such that one judge addressed only plaintiffs who complain about school bus stops, whereas another judge addressed only

---

[6] Although there may not be any logical difference between the two scenarios, the practical impact of the two restrictions is likely different. That is, the bus stop restriction will likely affect far more individuals, as there are presumably more bus stops than community swimming pools in the State. Whether that fact creates a legal difference in the analysis of the two scenarios is not a matter that must be decided in this Order.

12

the claims of plaintiffs who challenge community swimming pools, these would be appear to be very artificial distinctions. Dividing up the litigation in this way would arguably impede the goal of conserving judicial resources and it would also create the possibility of inconsistent rulings on two simultaneous Constitutional challenges of the same piece of legislation.

Given the above facts, the Court intends to temporarily **STAY** litigation on the swimming pool claim until the issues in *Whitaker* come into sharper focus and until it can be determined whether this discrete claim by Brooks should be collapsed into the *Whitaker* litigation. Staying the action, however, does not solve plaintiff Brooks, Jr.'s, immediate problem, as he is alleging that Dekalb County and his parole officer are requiring that he move because he lives near a community swimming pool; he seeks a TRO to forestall this possibility. Accordingly, until the Court can sort out the underlying facts and the exigencies of the situation, the Court **TEMPORARILY ENJOINS** enforcement of the provisions of § 42-1-15 and § 42-1-12 that would restrict the plaintiff from living within 1,000 feet of the community swimming pool that is allegedly in his present neighborhood.

At the same time, the Court understands the strong interest that the State, County, and community have in protecting children from those who have previously demonstrated a great risk to the safety of

13

these children. Certainly, the defendant's previous child molestation conviction properly causes community officials to view, with great concern, any potential interaction that he might have with children. Accordingly, to determine whether injunctive relief should continue until resolution of the underlying litigation, the Court directs the Dekalb County defendant, Sheriff Thomas E. Brown, to file a pleading **within ten (10) days** that responds to plaintiff's request for injunctive relief prohibiting enforcement of the community swimming pool provision.[7] Any such pleading should address the possibility of alternatives, short of requiring plaintiff Brooks, Jr. to immediately move[8] from his residence, that would serve to comport with the spirit of the Act's requirement that Brooks, Jr. not be near a community swimming pool.[9]

---

[7] The defendant has not filed a response opposing the plaintiff's motion for a TRO. Typically, a failure to file a response indicates the absence of any opposition. The Court will, however, give the defendant an opportunity to respond, if it wishes to contest the entry of an Order temporarily restraining the County from enforcing the "community swimming pool" restriction against the plaintiff. If defendant does not contest entry of such a temporary Order, it should notify the Court.

[8] According to the plaintiff, he would be virtually homeless, if he were forced to move, as alternative living arrangements are not feasible for him, given the limitations on where he can live.

[9] As it appears from his allegations that plaintiff is just within the 1,000 foot restriction, perhaps a condition that would limit him from being within 900 feet of the pool at any time would suffice to maintain the status quo until the conclusion of the *Whitaker* litigation, which presumably will answer some of the thorny

14

The Court sets down a status conference--or a hearing, if the defendant so requests--on **Tuesday, August 22, 2006, 2:00 p.m.**

This 4th day of August, 2006.

_____
JULIE E. CARNES
UNITED STATES DISTRICT JUDGE

---

legal questions at issue. Perhaps county officials could provide community pool officials with appropriate notification of plaintiff's residency in the community, so that the latter officials would be aware, and could act, should the plaintiff appear near the swimming pool.