FILED IN CHAMBERS
U.S.D.C. Atlanta
MAR 28 2008
JAMES N. HATTEN, Clerk
By: Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES L. BROOKS, JR., Personally, and Other Sex Offenders in Georgia Similarly Situated; SAVE AMERICA'S CHILDREN (SAC), an Unincorporated Association of Persons with Similar Goals of Keeping America Free by and Through Executive Director Brooks, et al.; and JAMES L. BROOKS IV,

Plaintiffs

v.

SHERIFF THOMAS E. BROWN and SHERIFF VICTOR HILL,

Defendants.

CRIMINAL CASE NO.
1:06-CV-1547-JEC

**ORDER & OPINION**

This case is before the Court on two motions filed by plaintiffs James L. Brooks, Jr. and, his son, James L. Brooks, IV. Both Brooks are convicted sex offenders who have filed challenges against various State of Georgia statutes that impose restrictions and duties on convicted sex offenders, after the latter's release from prison. Motions pending are plaintiffs' Motion for Declaratory and Injunctive Relief [39] and plaintiff James L. Brooks Jr.'s Motion to Stay Any and All Polygraph Testing of Him Pending Final Disposition of the

Suit [43].

**I. PROCEDURAL BACKGROUND**

Initially, plaintiffs had filed a Complaint [1] that challenged, generally, Georgia's requirement that sex offenders register with authorities. Primarily, however, the Complaint focused on a recent 2006 amendment to the pertinent statute, which amendment imposed further residency restrictions on convicted sex offenders. Indeed, along with their Complaint, the plaintiffs had filed a motion for a temporary restraining order, noting that they were in jeopardy of being evicted from their current residences because they lived within 1000 feet of a school bus stop, which is one of the enumerated places that the statute made off-limits to convicted sex offenders.

Just eight days before plaintiffs had filed their Complaint, a group of plaintiffs had filed a putative class action in this district challenging some of these same residency provisions of the 2006 enactment. *See Wendy Whitaker, et al., v. Perdue*, 4:06-CV-0140-CC. Accordingly, because this other case was an earlier action whose judgment could potentially affect an entire class, the Court transferred, as a related case, plaintiffs' case to the Honorable Clarence Cooper, who was presiding over the *Whitaker* case. (Order of June 30, 2006 [4] and Order of July 26, 2006 [11].)

Thereafter, Judge Cooper determined that plaintiffs Brooks' claims were somewhat different than the claims in his case (the



AO 72A
(Rev.8/82)

Brooks challenged both the swimming pool[1] and school bus stop residency provisions, whereas the *Whitaker* plaintiffs had focused only on the bus stop provision) and broader (the Brooks also offered a general challenge of sex offender statutes). Accordingly, he transferred the *Brooks* case back to the undersigned. *See* Order of July 26, 2006 [11].

On August 4, 2006, this Court issued another Order, noting that, in the *Whitaker* case, Judge Cooper had initially provisionally certified a class consisting of all registered sex offenders who lived within 1000 feet of a school bus stop, but had later issued an Order certifying a broader class consisting of all registered offenders, persons who are required to register, or persons who in the future will be required to register as sex offenders. (Order of August, 2006 [15] at 7-11.) Accordingly, it was clear that, as to their concern about the school bus stop restriction, the *Brooks* plaintiffs were certainly within the class certified in *Whitaker*. Moreover, it appeared that, as to Brooks, Jr.'s new concern about the community swimming pool restriction, he would be in the *Whitaker*

[1] In their original complaint, the plaintiffs had not mentioned a problem with their living near a community swimming pool; they had complained only of the bus stop restriction. Prior to Judge Cooper's transfer of the case back to this Court, plaintiff Brooks, Jr. had amended his Complaint to add the allegation concerning the community swimming pool, indicating that he had received a telephone call from a State or county official indicating that his residence was too close to a community pool. *See* Order of August 4, 2006 [15] at 5.



AO 72A
(Rev.8/82)

class as to that claim as well. Moreover, the Court noted that it could not adjudicate the claims as to the bus stop or swimming pool provisions "without running squarely into the litigation over which Judge Cooper is now presiding." (*Id.* at 7.)

Accordingly, as to any claim regarding the school bus stop restriction, the Court dismissed those claims without prejudice, noting that plaintiffs were clearly members of the *Whitaker* class and that whatever was decided as to the challenge in *Whitaker* would govern any claims that the *Brooks* plaintiffs had on the same subject. (*Id.* at 9, 11.)

As to the community pool restriction, the Court noted that the resolution of the *Whitaker* litigation would likely dispose of this claim as well, in that both sites were mentioned for the first time in the new 2006 legislation and the logic governing a challenge would appear to be largely the same whether one lived near a community swimming pool or near a school bus stop. (*Id.* at 9-10.) Therefore, as the Order in *Whitaker* might well resolve the community pool claim in the *Brooks* case, the Court also stayed that claim pending resolution of the *Whitaker* case. (*Id.* at 13.)

As to plaintiffs' general challenge of registration requirements for convicted sex offenders, the Court noted that such a claim appeared frivolous, but nonetheless, to conserve judicial resources and the resources of defendants who were simultaneously litigating

*Whitaker*, the Court likewise stayed that claim. (*Id.* at 7, 11.)

In short, given the amount of work and resources that were going to be invested in the *Whitaker* case, a case that would likely provide answers for the *Brooks* litigation, this Court essentially stayed the *Brooks* litigation. This stay did not address the immediate problem that defendant Brooks, Jr. was facing, however, as he claimed that he was in jeopardy of being forced to move from his residence, because the latter was too close to a community swimming pool.

Accordingly, the Court temporarily enjoined enforcement of the swimming pool provision against defendant Brooks, Jr. until a hearing could be held. (*Id.* at 13-14.) The Court set a hearing for August 22, 2006. (*Id* at 14.) The Court also invited Dekalb County[2] to offer restrictions that would enable the defendant to stay in his home pending the conclusion of the litigation, but that would serve to safeguard the safety of the community. (*Id.*)

Plaintiffs appeared at the August 22nd hearing.[3] At the hearing,

---

[2] Although naming Dekalb County Sheriff Thomas Brown as a defendant, Brooks, Jr. had essentially sued Dekalb County, which will be referred to as the defendant hereinafter. Plaintiff Brooks, Jr. had sued Dekalb County, which is the county in which he lived. Plaintiff Brooks, IV, had sued the sheriff of Clayton County, which was the county in which he lived at the time of the Complaint. Only Brooks, Jr. was affected by the pool restriction; hence, only defendant Dekalb County was impacted by this claim.

[3] Through a miscommunication, Dekalb County was unaware of the hearing and did not appear. Nonetheless, Dekalb County has been very cooperative throughout this litigation, filing helpful briefs,



AO 72A
(Rev.8/82)

the Court had directed plaintiff not to go near the swimming pool during the pendency of the litigation. On August 24, 2006, the Court issued an Order setting out several inquiries, including a requirement that plaintiff Brooks, Jr. indicate to the Court whether he would be moving from his current residence, as he had suggested that possibility at the hearing. (Order of August 24, 2006 [20].) On September 8, 2006, plaintiff Brooks, Jr. filed a supplemental pleading indicating that he was being threatened by neighbors and suggesting that he might be moving from the home near the community pool, which was a home owned by his sister.

## II. PENDING MOTIONS

Plaintiff has filed two motions that are pending before the Court: plaintiffs' Motion for Declaratory and Injunctive Relief [39] and plaintiff James L. Brooks Jr.'s Motion to Stay Any and All Polygraph Testing of Him Pending Final Disposition of the Suit [43].

Both motions address the same concern: plaintiff Brooks, Jr.'s desire not to have to submit to a polygraph, two times a year, which is a requirement of his parole, as a sex offender. According to plaintiff's description, the polygrapher asks questions concerning plaintiff's contact with minor children. The dates for polygraphs referenced in the motions have passed, but the motions are not moot

notwithstanding that ultimately it will be the State's duty to defend its statutes.



AO 72A
(Rev.8/82)

as the issue will arise again every six months.

Plaintiff has failed to meet at least two requirements for obtaining injunctive relief: (1) showing the likelihood of success on the merits and (2) showing that irreparable harm will occur if relief is not granted. As to the likelihood of success, plaintiff has not shown that he will likely succeed ultimately on the merits of this claim. As defendant Dekalb County has noted in its response, plaintiff agreed as a condition of his parole to this condition. Moreover, plaintiff has not persuaded the Court that this condition is unlawful. Further, plaintiff has not shown that he will be irreparably harmed by this polygraph requirement. So far, his answers appear to have satisfied the polygrapher, at least sufficiently to avoid a parole revocation hearing. Should plaintiff ever flunk a polygraph, have his parole be revoked, and then be imprisoned, he can challenge the polygraph at that time on whatever grounds he deems appropriate. For now, the only harm that he suffers by the requirement is the inconvenience of the test and the need to avoid minor children so that he will pass the test. The latter result is a good thing, as plaintiff has been convicted of child molestation and incest and should not be associating with minor children, even those to whom he is related.

Accordingly, the Court **DENIES** plaintiffs' Motion for Declaratory and Injunctive Relief [39] and plaintiff James L. Brooks Jr.'s Motion

to Stay Any and All Polygraph Testing of Him Pending Final Disposition of the Suit [43].

## III. NEED TO DETERMINE WHAT ISSUES AND WHAT PARTIES REMAIN IN THIS ACTION

According to the docket, the *Whitaker* litigation is still ongoing. As plaintiff continues to file pleadings and as some of the claims now appear moot, the Court would like to streamline this case to identify which claims and which parties still remain, as follows.

### A. Status Of Plaintiff James Brooks, IV, in the Litigation

Plaintiff James Brooks, IV, the son of Brooks, Jr., is, like his father, a convicted sex offender. He initially brought this suit challenging the residency requirements of the 2006 Georgia sex offender enactment because he was told that his residency in Clayton County, Georgia was too near a school bus stop. He also joined in his father's general challenges to the Constitutionality of the Georgia statute.

Shortly after filing this action, however, plaintiff Brooks, IV, moved out of state to South Carolina. Indeed, as he should have done, he properly filed a Notice of Change of Address [21], on August 28, 2006, indicating that he had moved to Summerville, South Carolina.

As best the Court can determine, he has filed no pleadings since the initial pleading, and all litigation has been conducted by his



AO 72A
(Rev.8/82)

father, Brooks, Jr. The latter has indicated in one of his pleadings that Brooks, IV, still has an interest in pursuing this case because sometimes he comes to Georgia and visits his brothers, staying for a few days.

The statute in question prohibits residing and loitering within 1000 feet of designated areas. On its face, the Court is unclear why Brooks, IV, has standing to continue to participate in this litigation, as he now lives in South Carolina. Apparently, no one has tried to prevent him from visiting with his brothers and the Court can discern no harm that he is suffering from the existence of the Georgia statute in question.

Accordingly, if Brooks, IV, desires to be named as a plaintiff in the Amended Complaint that the Court is directing Brooks, Jr., to file (*see infra*), he should be prepared to show cause why he has standing. The Court is aware that the Brooks family is enthusiastic about this litigation, but it strongly discourages these side issues and encourages Brooks, IV, to conserve his own, the Court's, and the defendants' resources, by not joining in a lawsuit for which he lacks standing. The primary grievance and the party suffering the harm in this case is Brooks, Jr. The Court and parties will be freer to focus on Brooks, Jr.'s claims if they are not distracted by unnecessary disputes. Should Brooks, IV, ever move back to Georgia, he may file a lawsuit if he deems one warranted.



AO 72A
(Rev.8/82)

**B. Standing Of Save America's Children (SAC)**

When he filed this suit, plaintiff Brooks, Jr., named as an additional plaintiff, the organization, Save America's Children (SAC). As the Court understands, from the explanation offered by Brooks, Jr. at the hearing held in 2006 before this Court, SAC is an organization that he has founded to promote certain educational, religious, and civic values among young people. The goal of the organization is to have adults mentor children, particularly female children. It appears that the children whom plaintiff wishes to mentor are primarily family members, such as grandchildren and nieces and nephews. Indeed, he brought some female minor children to court on the day of the hearing.

Because various provisions of Georgia's sex offender registration statutes limit plaintiff's ability to be near these minor children,[4] he indicated that they have an interest in pursuing this case and thus that they have standing. Ignoring the obvious--that it does not appear to be a good idea to have plaintiff near minor children, given his prior conviction for child molestation and incest--plaintiff's recitation does not persuade the Court that SAC has standing in this litigation.

---

[4] The Court inquired how plaintiff and his son, both sex offenders, could be in the company of these children, even in a court setting, and he responded that as long as a family member without a sex offender conviction was escorting the children, he could be in their presence.



AO 72A
(Rev.8/82)

Accordingly, in any Amended Complaint that plaintiff files, the Court urges him not to include extraneous parties in the litigation. If he does decide to name SAC as a plaintiff, he should be prepared for the inevitable show cause order or opposition by defendants to the standing of this group. Again, the Court urges the plaintiff to focus on what is important to him, and avoid side issues.

**C. <u>Where Does Plaintiff Brooks, Jr. Live?</u>**

This case began, and the urgency discerned by the Court arose, as a result of the apparent need for plaintiff to move from his current residence at 5691 Southland Drive, Stone Mountain, Georgia, because that residence was within 1000 feet of a school bus stop. The latter problem is temporarily under control because of the injunction issued by Judge Cooper in the *Whitaker* case. Shortly after filing his Complaint, plaintiff amended that document to note that he was also in danger of being removed from the Stone Mountain home because it was within 1000 feet of a community swimming pool. The Court issued an injunction against removal of plaintiff from the residence on this ground, but directed the plaintiff not to go onto or near the swimming pool property.

Since that time, all signs point to the likelihood that plaintiff Brooks, Jr. is no longer living in Stone Mountain, Georgia. The home there is owned by his sister and her husband. As early as September 01, 2006, plaintiff submitted a pleading indicating that he



AO 72A
(Rev.8/82)

Ward Street in Fulton County. Plaintiff indicates that this is the area in which he grew up and he could help out this uncle, who is 87 years old,[5] as well have a place to live. He indicates that he has been told by his parole officer that Fulton County would not approve this. *See* Plaintiff James L. Brooks, Jr.'s Supplemental Affidavit [41] at 7; and Plaintiff James L. Brooks, Jr.'s Supplemental Emergency Motion to Stay Polygraph Testing [43] at Affidavit at 6. The Court encourages defendant Dekalb County to look into whether this Fulton County residence would be a possibility. If so, Dekalb County could be dismissed as a defendant in this case and the claim relating to the Stone Mountain address would be dismissed as moot.

D. **Plaintiff Must File an Amended Complaint Setting Out Precisely the Parties in the Case and the Claims that He is Making**

To be clear about what claims plaintiff is still making and who the current parties are in this litigation, plaintiff shall file, **within thirty (30) days**, a Second Amended Complaint that sets out succinctly exactly what his claims are. Plaintiff should avoid a lengthy discussion of his disagreement with the laws; that can await briefing. Instead, he should list those parts of the Georgia statute that he alleges to be unconstitutional and briefly state, in a sentence or two, why he so claims.

---

[5] Plaintiff, himself, is in his late 70s.

Most importantly, if plaintiff wishes to challenge the constitutionality of a Georgia statute, he must name an appropriate State official as a defendant. Indeed, defendant Dekalb County has filed excellent briefs in this case concerning the constitutionality of the statutes in question, but has correctly noted that plaintiff has never served the Attorney General of Georgia, as required when challenging a state statute on Constitutional grounds. Before a court strikes down a state statute, it must give the State an opportunity to respond. Accordingly, in any Amended Complaint, the plaintiff should name and serve an appropriate State Official.

**CONCLUSION**

In summary, the Court **DENIES** plaintiffs' Motion for Declaratory and Injunctive Relief [39] and plaintiff James L. Brooks Jr.'s Motion to Stay Any and All Polygraph Testing [43] of Him Pending Final Disposition of the Suit. Plaintiff shall file, **within thirty (30) days**, a Second Amended Complaint that sets out succinctly exactly what his claims are and who the parties are, as directed on this page and the preceding page.

SO ORDERED this 28 day of March, 2008.

JULIE E. CARNES
UNITED STATES DISTRICT JUDGE



AO 72A
(Rev.8/82)